```
               UNITED STATES DISTRICT COURT
               EASTERN DISTRICT OF KENTUCKY
              CENTRAL DIVISION at LEXINGTON
```

|  |  |
|---|---|
| DEBRA WALKER,           ) | |
| ) | |
| Plaintiff,        ) | Civil Case No. |
| ) | 5:15-cv-79-JMH |
| v.                      ) | |
| ) | **MEMORANDUM OPINION & ORDER** |
| THE NORTHWESTERN MUTUAL LIFE ) | |
| INSURANCE COMPANY, et al., ) | |
| ) | |
| Defendants.       ) | |

\*\*\*

This matter is before the Court on Plaintiff's motion to remand to state court, [DE 8], to which both Defendants have responded. [DE 9, 11]. Plaintiff did not reply, although the time to do so has passed. Additionally, Defendant Executive Benefit Specialists of Kentucky, LLC, has filed a motion to dismiss for failure to state a claim, or in the alternative, for summary judgment. [DE 6]. Plaintiff has responded, [DE 7], and Executive has replied. [DE 10]. These motions are now ripe for the Court's review.

**I. Factual and Procedural Background**

Plaintiff's Complaint, which was filed in the Boyle Circuit Court on March 3, 2015, alleges that her insurer wrongfully refused to pay disability benefits to which she was entitled. As a consequence, she seeks compensatory and punitive damages on state law claims for breach of contract, violation of the

Kentucky Unfair Claims Settlement Practices Act (KUCSPA), and common law bad faith. [DE 1-3]. These claims are brought against Northwestern Mutual Life Insurance Company ("Northwestern"), with whom Plaintiff held several policies of insurance. It is undisputed that Northwestern's citizenship for purposes of diversity jurisdiction is Wisconsin. Plaintiff has also brought suit against Executive Benefits Specialists of Kentucky, LLC, an insurance agency. It is also undisputed that Executive's citizenship for diversity purposes is Kentucky.

Northwestern filed its Notice of Removal in this Court on March 30, 2015. [DE 1]. Plaintiff now moves the Court to remand the case because it lacks subject matter jurisdiction. More specifically, Plaintiff argues that because the parties are not completely diverse, the Court lacks jurisdiction under 28 U.S.C. § 1332. Northwestern responds that the Court does have jurisdiction because the non-diverse party, Executive, was fraudulently joined. On a related theory, Executive moves the Court to dismiss all claims against it, arguing that Plaintiff has failed to state a claim against Executive.

**II. Standard of Review**

Generally, any civil action brought in a state court may be removed by a defendant to federal court if it could have been brought there originally. 28 U.S.C. § 1441(a). A federal district court has original diversity jurisdiction when there is

2

complete diversity, that is, when no plaintiff and no defendant are citizens of the same state, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *Strawbridge v. Curtiss*, 7 U.S. 267 (1806). "A defendant desiring to remove a case has the burden of proving the diversity jurisdiction requirements." *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 155 (6th Cir. 1993).

In cases of removal based on diversity in which parties are not diverse, the removing party may defeat remand if it can show that the non-diverse parties were fraudulently joined. *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999). Fraudulent joinder occurs when "it is clear that there can be no recovery under the law of the state on the cause alleged or on the facts in view of the law." *Casias v. Wal-Mart Stores, Inc.*, 695 F.3d 428, 432-33 (6th Cir. 2012) (internal quotation and citation omitted). The removing party also carries the burden of proving fraudulent joinder. *Id*.

Because "[q]uestions of removal...involve facial and factual inquiries ...courts may look beyond the pleadings to assess challenged facts." *Gentek Bldg. Products, Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007). In essence, courts will employ a "summary-judgment-like procedure to examine affidavits ... for evidence of fraud." *Id*. (citation omitted). In so doing, the court should resolve all questions of fact and ambiguities in controlling state law in favor of the

3

plaintiff. *Coyne*, 183 F.3d at 493; *see also Walker v. Philip Morris USA, Inc.*, 443 F. App'x 946, 952 (6th Cir. 2011). Notably, the Sixth Circuit has cautioned that despite the summary-judgment-type evidence used, the proper standard is akin to that of a Rule 12(b)(6) motion to dismiss, and is "arguably even more deferential." *Walker*, 443 F. App'x at 954.

**III. Discussion**

Plaintiff brings only state law claims and, thus, the Court has jurisdiction over this matter if the diversity requirements of 28 U.S.C. § 1332(a) are met. However, Plaintiff is a citizen of Kentucky, as is Defendant Executive. Regardless, Northwestern argues that this matter is properly in federal court because Executive, the non-diverse party, was fraudulently joined. In support, Northwestern contends that there is no colorable basis for Plaintiff's claim against Executive and that Plaintiff has engaged in outright fraud. *See Salisbury v. Purdue Pharma, L.P.*, 166 F.Supp.2d 546, 548 (E.D. Ky. 2001) (summarizing three situations in which fraudulent joinder may be established).

First, the Court takes up Northwestern's contention that Plaintiff engaged in outright fraud. Hugh Hines' affidavit serves as the basis for Northwestern's argument. Hines is an independent contractor for Northwestern, authorized to sell its products, as well as an owner of Executive. [DE 9-1 at ¶¶ 1, 4]. In his March 27, 2015, affidavit, Hines states that the

4

plaintiff told him that Executive had been named as a defendant solely to keep this case in state court. [DE 1-4 at ¶ 3]. Plaintiff submits an affidavit in which she denies that she stated as much. [DE 8-3 at ¶ 17]. Resolving factual disputes in the plaintiff's favor, see *Coyne*, 183 F.3d at 493, the Court concludes that this argument fails to provide evidence of fraudulent joinder.

Next, the Court considers Northwestern's argument that Plaintiff has no colorable claim against Executive. As an initial matter, the Court looks to the claims against Executive in Plaintiff's Complaint. Plaintiff alleges that the "Defendants" profited from Plaintiff's premium payments, refused to pay her benefits to which she is entitled and are, thus, liable on several claims. Plaintiff raises two factual allegations against Executive, specifically. Plaintiff alleges that, in addition to the original insurance policies Plaintiff purchased from Northwestern, Plaintiff purchased "additional policies and investments through Executive" and that Executive received commissions for those sales. [DE 1-3 at ¶ 11]. The Complaint also alleges that after refusing to pay benefits on Plaintiff's policies, Northwestern instructed Executive to have no communication with Plaintiff. [DE 1-3 at ¶ 25].

Northwestern asserts that Plaintiff has attempted to connect Executive to this case based solely on the actions of

5

its principal, Hugh Hines. Hines acknowledges that it was he who sold Plaintiff's daughter (not Plaintiff, according to Hines) an insurance policy, and his partner Gordon Montgomery who sold Plaintiff the Northwestern policies she references in her Complaint. [DE 9-1 at ¶ 3, 7]. Hines agreed to service Montgomery's clients, including Plaintiff, upon Montgomery's retirement. [*Id.* at ¶ 6]. Hines also states that it was he who assisted Plaintiff "in her communications with Northwestern." [*Id.* at ¶ 10]. All this, Hines states, was as an independent contractor for Northwestern, by which he is authorized to sell its products, [*Id.* at ¶ 8], and not in his capacity as a principal of Executive. In fact, Hines avers that Executive does not sell insurance to individuals (rather, it sells exclusively in the "Community Bank market"). [Id. at ¶ 1]. Thus, Northwestern argues, Executive could not have sold, handled, or serviced any of the insurance policies relevant to this case. Northwestern asserts that Plaintiff's Complaint, therefore, alleges no wrongdoing by, and seeks no relief from, Executive.

Northwestern essentially contends that the references to "Executive" in Plaintiff's Complaint are actually references to the conduct of Hugh Hines outside of his capacity as an agent for Executive. In light of a potential factual inaccuracy in Plaintiff's Complaint, the Court looks past the pleadings to the

6

facts that undermine Plaintiff's claims. *See Walker*, 443 F. App'x at 956.

In her affidavit, Plaintiff states that it was Hines "and/or" Montgomery who sold her Northwestern policies and collected a commission. [DE 8-3 at ¶ 23, 26]. She confirms that she believes that it was Hines who Northwestern instructed not to communicate with her. [*Id*. at ¶ 29-30]. Plaintiff also acknowledges that she understood Hines and Montgomery to own a "Northwestern Agency" or "Northwestern office" and to be "Northwestern Agents." [*Id*. at ¶ 7-8]. Additionally, although Hines is listed as the Financial Representative on the Northwestern policy statements that Plaintiff has attached to its Motion to Remand, Executive is not. [DE 8-4]. This is supported by the fact that Executive and its agents do not sell insurance to individuals and that Executive does not have a contract with Northwestern to sell its products, facts that Plaintiff does not dispute. [Hines Affidavit of April, 2015, DE 9-1 at ¶ 1; Plaintiff's Affidavit, DE 8-3].

At no point in the record before the Court does Plaintiff claim that she purchased insurance from Executive, or had any dealings with any agent of Executive *in their capacity as agents of Executive*. Thus, Plaintiff's insistence that Executive is a proper defendant appears to be based on a misunderstanding of the law of agency.

7

A company may be liable for the acts of its agents if those acts are within the scope of his agency or employment, and within the scope of the agent's authority. *See* Restatement (Third) Of Agency § 7.03 (2006); *see also Pan-Am. Life Ins. Co. v. Roethke*, 30 S.W.3d 128, 132 (Ky. 2000). Certainly, as an owner (or member) of Executive, Hines is its agent by default. KRS 275.135; *Pannell v. Shannon*, 425 S.W.3d 58, 76 n.17 (Ky. 2014). It does not follow, however, that all of Hines' conduct should be attributed to Executive for liability purposes. His conduct must be within the scope of his agency with Executive in order for Plaintiff to have any colorable claim against Executive. Without commenting or deciding on the existence of or scope of Hines' agency relationship with Northwestern, Hines' conduct here had nothing to do with his position as the principal of Executive based on the facts before the Court. Thus, there being no facts to connect Executive with the alleged wrongful conduct, Plaintiff has no chance of recovery against Executive. *See Salisbury*, 166 F. Supp. 2d at 549-52.

Likewise, Executive was not a party to any of the contracts at issue in this case. Accordingly, there is no privity of contract between Plaintiff and Executive and, thus, Plaintiff has no chance of recovery on her claims of breach of contract, bad faith, and the KUCSPA. *See Chicago Motors, LLC v. Apex Ins. Agency Int'l, Inc.*, No. 3:13-CV-00356-CRS, 2014 WL 798154, at \*2

(W.D. Ky. Feb. 27, 2014) ("Under Kentucky law, parties may only sue for a breach of contract if privity of contract existed.") (citing *Presnell Constr. Managers, Inc. v. EH Constr., LLC*, 134 S.W.3d 575, 579 (Ky. 2004)); *Davidson v. Am. Freightways, Inc.*, 25 S.W.3d 94, 100 (Ky. 2000) ("Absent a contractual obligation, there simply is no bad faith cause of action, either at common law or by statute.").

Having concluded that Plaintiff has no chance of recovery under Kentucky law on her claims against Executive, the Court finds that Executive was fraudulently joined and removal was proper pursuant to 28 U.S.C. §§ 1332(a) and 1441. Therefore, the Court need not, and will not, address Executive's Motion to Dismiss.

**CONCLUSION**

For the reasons stated above, **IT IS ORDERED**:

1) that Plaintiff's Motion to Remand, [DE 8], is **DENIED**;

2) the Clerk shall **TERMINATE** Executive Benefits Specialists of Kentucky, LLC, as a defendant;

3) that Executive Benefits Specialists of Kentucky, LLC, Motion to Dismiss or in the Alternative for Summary Judgment, [DE 6], is **DENIED AS MOOT**;

This, the 14th day of July, 2015.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge