```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
```
**CENTRAL DIVISION at LEXINGTON**

```
DEBRA WALKER,                    )
                                 )
     Plaintiff,                  ) Action No. 5:15-CV-79-JMH
                                 )
v.                               )
                                 )
THE NORTHWESTERN MUTUAL          )  MEMORANDUM OPINION & ORDER
LIFE INSURANCE COMPANY,          )
                                 )
     Defendant.                  )
```

                    **   **   **   **   **

This case is before the Court on Plaintiff's motion to stay discovery. [DE 16]. Defendant has responded [19], and Plaintiff has replied [DE 20]. Thus, this motion is ripe for review. For the reasons that follow, Plaintiff's motion to stay discovery is granted with respect to all discovery.

**I.   Factual and Procedural Background**

Plaintiff, Debra Walker, filed suit against Defendant, The Northwestern Mutual Life Insurance Company, for claims related to Defendant's alleged non-payment of benefits under insurance policies issued by Defendant, including claims for breach of contract, violations of the Kentucky Unfair Claims Settlement Practices Act, and bad faith. [DE 1]. Subsequent to Plaintiff filing her Complaint in this Court, she was indicted by the Commonwealth of Kentucky for insurance fraud claims related to insurance policies issued to her by Defendant. [DE 16, Exhibit A].

The state court criminal prosecution is currently pending in the Jessamine Circuit Court. *Id*.

Plaintiff filed a Motion to Stay Discovery with respect to her pending a determination that the threat of criminal prosecution has ended on the basis that she cannot adequately engage in discovery in this civil action without relinquishing her Fifth Amendment right not to incriminate herself in the Jessamine Circuit Court criminal case. [DE 16]. Plaintiff argues that a stay is appropriate because the criminal prosecution and this action involve many of the same transactions, and likewise, that she faces a risk of self-incrimination. *Id*.

In contrast, Defendant argues that Plaintiff should not be permitted to stay discovery and use the Fifth Amendment as a "sword and shield" because Plaintiff was responsible for bringing the civil suit. [DE 19]. Plaintiff responds by pointing out that her criminal indictment was initiated after she filed the civil suit. [DE 20].

**II.   Standard**

While nothing in the U.S. Constitution requires a civil action to be stayed in light of a pending or impending criminal indictment, a court has "broad discretion in determining whether to stay a civil action while a criminal action is pending or impending." *F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 627 (6th Cir. 2014) (quoting *Chao v. Fleming*, 498 F. Supp. 2d

2

1034, 1037 (W.D. Mich. 2007)); *Sparkman v. Thompson*, No. 08-01-KKC, 2009 WL 1941907, at *1 (E.D. Ky. July 6, 2009); *Porter v. Buckler*, No. 0:14-127-DLB, 2015 WL 1926363, at *2 (E.D. Ky. Apr. 28, 2015). The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes in its docket. *Ohio Envtl. Council v. U.S. Dist. Court, S. Dist. of Ohio, E. Div.*, 565 F.2d 393, 396 (6th Cir. 1977) (citing *Landis v. North American Company*, 299 U.S. 248, 254-55 (1936).

A court may grant a stay "because the denial of a stay could impair a party's Fifth Amendment privilege against self-incrimination, extend criminal discovery beyond the limits set forth in Federal Rule of Criminal Procedure 16(b), expose the defense's theory to the prosecution in advance of trial, or otherwise prejudice the criminal case." Sparkman, 2009 WL 1941907, at *1 (quoting *Trustees of Plumbers & Pipefitters Nat'l Pension Fund v. Transworld Mech., Inc.*, 886 F. Supp. 1134, 1138 (S.D.N.Y.1995)). When considering whether to grant a stay, courts consider and balance a number of factors, including:

> 1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; 4) the private interests of and burden on the defendants; 5) the interests of the courts; and 6) the public interest.

3

*E.M.A. Nationwide*, 767 F.3d 611, 627; *Sparkman*, 2009 WL 1941907, at *2; *Porter*, 2015 WL 1926363, at *2.

**III. Discussion**

   **A. The Overlap Between the Civil and Criminal Case**

   The first factor the Court considers is whether there is an overlap between this civil action and the pending criminal case. Simultaneous civil and criminal cases involving the same or closely related facts may give rise to Fifth Amendment concerns sufficient to warrant a stay of the civil proceeding. *Chao*, 498 F. Supp. 2d at 1037. This case involves allegations by Plaintiff that Defendant has failed to pay disability benefits owed to her under the terms of insurance policies she purchased from Defendant. [DE 1, Attachment 3, State Court Record]. The criminal indictment involves claims of insurance fraud related to benefits Plaintiff received from Defendant pursuant to her insurance policies with Defendant. [DE 16, Exhibit A]. Therefore, the first factor weighs in favor of granting a stay because there is substantial overlap between the issues in the civil and criminal cases in that the core of both cases arise from Plaintiff's insurance policies purchased from Defendant.

   **B. The Status of the Criminal Case**

   Second, the Court must consider the status of the criminal case. The case for a stay is strongest where the defendant has

4

already been indicted because there is a likelihood that incriminating statements could be used against him, and because the criminal case will likely be quickly resolved, decreasing any prejudice caused by a delay. *E.M.A. Nationwide, Inc.*, 767 F.3d at 628 (quoting *Trustees of Plumbers*, 886 F. Supp. at 1139). Plaintiff was indicted in Jessamine Circuit Court on or about April 8, 2015 and states that she has and will continue to invoke her Fifth Amendment protection. [DE 16, Exhibit A]. Therefore, this factor weighs in favor of a stay.

    **C.    Private Interests**

The third and fourth factors seek to balance the private interests of the parties against the potential prejudice faced by each. Defendant has not filed any claims against Plaintiff in this case and has not alleged any potential prejudice in terms of a delay if a stay is imposed.

Rather, Defendant's primary concern is the inequity Defendant perceives of Plaintiff being permitted to maintain her civil case while also invoking her Fifth Amendment privilege in the pending criminal action. [DE 19]. Defendant relies upon a case from the Southern District of New York for its contention that while a Defendant in a civil action may be entitled to a stay of a civil mater pending resolution of criminal charges, a Plaintiff is not. *See Waldbaum v. World Vision Enterprises, Inc.*, 84 F.R.D. 95 (S.D.N.Y. 1979). The Court recognizes that while it may be more

5

commonplace for a defendant to be the party in a civil suit seeking a stay as a result of parallel civil and criminal actions, plaintiffs, too, under appropriate circumstances, may invoke the Fifth Amendment in a civil case. *See Afro-Lecon*, Inc. v. U.S., 820 F.2d 1198(Fed. Cir. 1987); *Wheling v. Columbia Broadcasting System*, 608 F.2d 1084, 1087 (5th Cir. 1079). Indeed, the U.S. Supreme Court instructs that any witness may invoke the Fifth Amendment, and that the privilege is not limited to criminal proceedings. *See Kastigar v. United States*, 406 U.S. 441, 444 (1972). A party claiming the Fifth Amendment privilege should also suffer no penalty for his silence. *See Simmons v. United States*, 390 U.S. 377, 394 (1968).

The third and fourth factors weigh in favor of a stay since Plaintiff risks self-incrimination if forced to engage in discovery in the civil matter while, on balance, Defendant faces no prejudice from the stay so long as the stay applies to both parties. The Court does not dispute that it would be unfair to permit Plaintiff to proceed with discovery in this suit, while depriving Defendant of information needed to prepare its defense, including deposing Plaintiff. For this reason, as set forth below, the stay will apply to all discovery in this case, not just to discovery with respect to Plaintiff.

**D.   Court and Public Interests**

6

The fifth and sixth factors to be considered are the interests of the Courts in docket management and expeditious resolution of the case and the interest of the public. If the Court were to deny the motion to stay, the parties and the Court would have to consume time and resources to determine the specific contours of Plaintiff's Fifth Amendment rights. In addition, because it is possible that all or part of this action will be resolved by allowing the criminal case to proceed unabated, the Court concludes that, given the notion of judicial economy, the interest of the Court and the public favor a stay.

## IV. Conclusion

Balancing the foregoing considerations, the Court concludes that a stay should issue. There is substantial overlap between the issues in the pending civil and criminal actions, Plaintiff has invoked her Fifth Amendment right in the criminal action and discovery in this case may severely prejudice Plaintiff by requiring her to disclose evidence that may be used against her, and the Court and public have an interest in conserving judicial resources by staying this matter until the criminal action has concluded.

For the reasons stated above, **IT IS ORDERED** that Plaintiff's Motion to Stay [DE 16] is **GRANTED** as to all discovery in this case. This matter is held in abeyance and the Court's scheduling order DE 15] is set aside. The parties **SHALL** file status reports every

7

**ninety (90) days** or within **ten (10) days** of conclusion of Plaintiff's criminal case.

This the 4th day of September, 2015.

Signed By:
*Joseph M. Hood*
Senior U.S. District Judge